UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORPORATE LEASING ASSOCIATES, INC.,

                Plaintiff,

         -against-                         **REPORT AND**
                                                      **RECOMMENDATION**
                                                      CV 19-6856 (GRB) (ARL)

LENOVO (UNITED STATES), INC.,

                Defendant.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The plaintiff, Corporate Leasing Associates, Inc. ("CLA"), filed a complaint against the defendant, Lenovo (United States), Inc. ("Lenovo"), in the Nassau County Supreme Court on October 31, 2019, seeking to recover lost business revenue from the resale of Lenovo laptop units on the secondary market. In its complaint, CLA asserts two claims - breach of express warranty and breach of implied warranty. On December 5, 2019, the case was removed to this Court pursuant to 28 U.S.C. §§1332, 1441 and 1446 and Local Civil Rule 81.1. Currently before the Court, on referral from District Judge Brown, is the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the undersigned respectfully recommends that the defendant's motion to dismiss be granted.

## BACKGROUND

      The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

CLA is a New York corporation with an address at 21 Morris Avenue, Rockville Centre, NY 11570.  Compl. ¶ 1.  CLA is in the business of providing innovative and flexible finance solutions for companies and institutions interested in acquiring hardware, software and related services.  *Id*. ¶ 4.  To this end, CLA often purchases computer equipment and then leases the equipment it purchases to its clients.  *Id*. ¶ 5.  At the end of the lease term, CLA's clients have the option of extending the lease term or purchasing some or all of the equipment.  *Id.* Unpurchased equipment is returned and CLA then sells the computers it receives via its remarketers on the secondary market.  *Id*. ¶¶ 5-6.  Upon receipt of that equipment, the remarketing company examines each piece for signs of excess wear and tear and/or damages and CLA receives a reduction for damaged pieces of equipment.  *Id*. ¶ 6.

According to the complaint, CLA leased laptops produced by Lenovo to educational institutions in 2015 and 2016 that contained a defect in the design, which caused the computer keys to leave marks on the computer screen.  *Id*. ¶ 11.  The defect was discovered at the time the Lenovo laptops were in use by the educational institutions.  *Id*. ¶ 12.  CLA claims that the laptops were being used under normal conditions and not being abused or misused by the students or teachers.  *Id.*  Accordingly, requests were made of Lenovo to repair the computer screens based on its warranty, which provided "each Lenovo hardware product . . . is free from defects in materials and workmanship under normal use during the warranty period." *Id*. ¶ 13.  Those requests were rejected.  *Id*. ¶ 15.  CLA claims that as a result of the defect, CLA was unable to realize the full residual value of the laptops when they were resold on the secondary market.  *Id*. ¶ 13.

## DISCUSSION

### A. Standard of Review

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and

internal quotation marks omitted). In this case, Lenovo has submitted a copy of it Limited Warranty, which will be considered by the Court.

### B. Breach of Express Warranty

In its motion, Lenovo first argues that CLA's claim for breach of the express warranty must be dismissed because CLA did not purchase the laptop units for its own use, and thus, the damages it seeks are barred pursuant to the warranty provision. To state a New York breach of warranty claim, a plaintiff must allege "(i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach." *Avola v. Louisiana-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013) (citing *CBS Inc. v. Ziff–Davis Publ'g Co.*, 75 N.Y.2d 496, 502–504, 554 N.Y.S.2d 449, 553 N.E.2d 997 (1990)). "According to the New York Uniform Commercial Code, '[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise,' and '[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.'" *Singleton v. Fifth Generation, Inc.,* No. 515 CV 474 BKS TWD, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016)(citing N.Y. U.C.C. Law § 2– 313(1)(a), (b)).

In this case, the warranty language relied upon by CLA provides, in pertinent part:

> Lenovo warrants that each Lenovo hardware product that you purchase is free from defects in materials and workmanship under normal use during the warranty period.
>
> THIS WARRANTY IS YOUR EXCLUSIVE WARRANTY AND REPLACES ALL OTHER WARRANTIES OR CONDITIONS, EXPRESS

4

>OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTI ES OR CONDITIONS OF MERCHANTABI LITY OR FITNESS FOR A PARTICULAR PURPOSE.

Gorman Decl. Ex. B. The warranty further states that it applies only to Lenovo products purchased for a buyer's own use, not for resale, and that the warranty period starts on the original date of purchase as shown on the sales receipt or invoice. *Id.* Finally, the Warranty expressly excludes special, incidental, punitive, indirect or consequential damages, including, but not limited to, lost profits and business revenue. *Id.*

It is clear from the complaint that CLA purchased the laptops for use by its customers. Indeed, CLA explains that while it owned the laptops, they were purchased solely for leasing to third-parties and re-sale. ECF. No. 7. Specifically, CLA leased the laptops at issue to educational institutions in 2015 and 2016. Compl. ¶ 11. It then planned to resell the laptops on the secondary market. *Id*. ¶¶ 5-6. Moreover, it appears that CLA never took possession of the equipment. *Id*. ¶ 4. The computer equipment was shipped directly to the customers from retailer and, at the conclusion of the leases, used equipment was shipped directly from CLA's clients to the remarketing company. *Id*. ¶¶ 4, 6. Nonetheless, CLA argues that the warranty does not say it cannot purchase the product for its "own use in leasing to third parties" or for "sale after it or its lessees are done using the product." CLA argues, without legal support, that the warranty clause only applies to a situation where the warranty claimant purchases Lenovo's hardware and immediately sells the hardware to a third party. CLA does not consider itself in that category. It equates itself to a parent purchasing a laptop for use by his or

5

her child. The Court disagrees with CLA's strained interpretation of the warranty provision, which is far from ambiguous.

Moreover, CLA is primarily seeking consequential damages. Specifically, although CLA included a statement in the complaint indication that it is seeking damages "in an amount to be determined by the Court," CLA's substantive demand seeks money damages on its breach of express warranty as a claim "because, upon CLA's remarketing of the Units, CLA has been unable to procure the full residual value of th[ose] Units." *Id.* ¶ 21. However, the warranty on which CLA relies makes clear that Lenovo is not liable for "consequential damages, including, lost profits." Gorman Decl. Ex. B. For these reasons, the undersigned respectfully recommends that the claim for breach of express warranty be dismissed.

### C. Breach of Implied Warranty

Lenovo similarly argues that the cause of action for breach of the implied warranty of merchantability must be dismissed because warranty it provided to CLA expressly disclaimed all implied warranties, including warranties of merchantability and fitness for a particular purpose. As a general rule, "[i]mplied warranties include the implied warranty of merchantability and the implied warranty of fitness for a particular purpose*." Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 530–31 (E.D.N.Y. 2012). "In New York, any implied warranty of merchantability is governed by Section 2–314 of the New York Uniform Commercial Code ("UCC")," which provides, "'a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.'" Id. (citing N.Y.U.C.C. § 2–314(1)). In other words, the goods must be fit for the ordinary purpose for which they

6

are used and of fair and average quality for such goods.  *See e.g., Jackson*, 845 F. Supp. 2d at 530–31.

However, "[t]he U.C.C. allows sellers to exclude implied warranties*." Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 682 (E.D.N.Y. 2013).  "To exclude the implied warranty of merchantability, the language disclaiming the warranty must use the word 'merchantability,' and if the exclusion is in writing, it must be "conspicuous." *Id.* (citing N.Y. U.C.C. § 2–316(2)).  "To exclude the implied warranty of fitness, the exclusion "must [also] be by a writing and conspicuous." *Id.*  (citing *Maltz v. Union Carbide Chems. & Plastics Co*., 992 F. Supp. 286, 304 (S.D.N.Y.1998) ("It is well-settled that under New York law, parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific.").  As stated about, the warranty in this case includes a glaringly conspicuous disclaimer (i.e., it is emphasized in bold and in all caps) of any implied warranties:

> THIS WARRANTY IS YOUR EXCLUSIVE WARRANTY AND REPLACES ALL OTHER WARRANTIES OR CONDITIONS, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Gorman Decl. Ex. B.  This disclaimer checks both boxes under New York law in that it is both conspicuous and mentions merchantability.  Therefore, the undersigned respectfully recommends that the breach of implied warranty claim also be dismissed.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days.  Failure to file objections

within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
January 12, 2021

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge